IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS O. LACY, #607743, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-0972-L-BK |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that this successive habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 1992, Petitioner was convicted of aggravated sexual assault and sentenced to 40 years' imprisonment. *State v. Lacy*, No. F91-02981 (195th Judicial District Court, Dallas County, Jan. 31, 1992). Subsequently, Petitioner unsuccessfully challenged his conviction in state and federal habeas proceedings. *Ex parte Lacy*, No. 25-406-01 (Tex. Crim. App. Jan. 26, 1994) (denying state application); *Lacy v. Scott*, No. 3:94-CV-1670-T (N.D. Tex. Jan. 9, 1995) (denying federal habeas relief on petitioner's claim of ineffective assistance of counsel), *certificate of probable cause denied*, No. 95-10175 (5th Cir. Jun 15, 1995).[1]

By this action, Petitioner again seeks to contest his conviction for aggravated sexual

---

[1] Petitioner filed subsequent state habeas applications, which were dismissed as non-compliant and successive. *Ex parte Lacy*, Nos. 25-406-05, -06, -07 (Tex. Crim. App. 2007, 2008). Copies of the relevant federal district and appellate court orders are attached.

assault.  (Doc. 3 at 2).  He challenges the sufficiency of the evidence and the line-up procedures, and claims actual innocence.  *Id.* at 6-7.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.  *See* 28 U.S.C. § 2244(b).  In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2).  Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (*per curiam*) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2254 petition should be transferred to the United States Court of Appeals for the Fifth

Circuit Court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive habeas petition be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

SIGNED April 2, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENTS

Case 3:13-cv-00972-BK Document 6 Filed 04/02/13 Page 5 of 14 PageID 23

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
JUN 15 1995
CHARLES R. FULBRUGE III
CLERK

No. 95-10175
USDC No. 3:94-CV-1670-T

NICHOLAS OLAF LACY,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 19 1995
NANCY DOHERTY, CLERK
By_____ Deputy

Appeal from the United States District Court
for the Northern District of Texas

O R D E R:

Nicholas Olaf Lacy's request for a certificate of probable cause is DENIED. Lacy argues that the district court erred by applying a presumption of correctness to the state court's factual findings. This court does not issue a CPC unless a petitioner makes a substantial showing of the denial of a federal constitutional right. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983). Lacy has not made such a showing.

A true copy
Test:
Clerk, U.S. Court of Appeals, Fifth Circuit

By_____
Deputy
New Orleans, Louisiana    JUN 15 1995

_____
E. Grady Jolly
UNITED STATES CIRCUIT JUDGE

17

ORIGINAL

FILED
OCT 3 1 1994
NANCY DOHERTY, CLERK
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS OLAF LACY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-94-CV-1670-T |
| WAYNE SCOTT, Director | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division | § | |
| | § | |
| Respondent. | § | |

### FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

### PROCEDURAL BACKGROUND

This is a habeas corpus case brought under 28 U.S.C. § 2254. Petitioner Nicholas Olaf Lacy is an inmate in the Texas prison system. Respondent Wayne Scott is the Director of the Texas Department of Criminal Justice, Institutional Division.

Petitioner was convicted of aggravated sexual assault. (Tr. 27). Punishment was assessed at 40 years confinement. (Tr. 27). Petitioner did not appeal. Instead, he filed an application for writ of habeas corpus in state court. (Tr. 1). The trial court made written findings and recommended that the application be denied. (Tr. 17). The Texas Court of Criminal Appeals denied the application without written order. *Ex parte Lacy*, No. 25,406-01 (January 26, 1994). Petitioner then filed this action in federal court.

Petitioner has submitted his claims to the highest available state court for review. He has exhausted his state remedies and is properly before this Court. 28 U.S.C. § 2254(b); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). Respondent has appeared and filed a motion for summary judgment.

## ISSUES PRESENTED

In his sole ground for relief, petitioner contends that he was denied effective assistance of counsel because his court-appointed lawyer did not prosecute an appeal. Petitioner states that he is entitled to an evidentiary hearing on this claim in federal court.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner complains that his court-appointed lawyer never filed a notice of appeal or informed him of his appellate rights. Petitioner maintains that he "clearly informed [his attorney] of his desire to appeal the conviction" and "was under the assumption that his case was being appealed to the Court of Appeals." He later learned that an appeal had never been perfected. Petitioner argues that this constitutes ineffective assistance of counsel.

### 1. Applicable Law

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel. *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief for ineffective assistance of counsel, a defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendant must first demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Strickland*, 104 S.Ct. at 2064. Defendant must then show that this

deficient performance prejudiced the defense such that the outcome of the trial would have been different. *Strickland*, 104 S.Ct. at 2068. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Romero v. Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989). A defendant must affirmatively show that his attorney's actions deprived him of a fair trial. *Czere v. Butler*, 833 F.2d 59, 63-64 (5th Cir. 1987).

A slightly different standard applies when a defendant contends that his attorney failed to prosecute an appeal. *See Penson v. Ohio*, 488 U.S. 75, 88, 109 S.Ct. 346, 354, 102 L.Ed.2d 300 (1988). In this context, a defendant need only establish that he was denied his right to appeal by the deficient performance of his attorney. *Childs v. Collins*, 995 F.2d 67, 68 (5th Cir.), *cert. denied*, 114 S.Ct. 613 (1993); *Childress v. Lynaugh*, 842 F.2d 768, 772 (5th Cir. 1988). Counsel has an affirmative duty to advise his client of: (1) the right to appeal; (2) the procedure and time limits for an appeal; and (3) the right to appointed counsel on appeal. *Childs*, 995 F.2d at 69; *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir. 1971). Once informed of those rights, it is incumbent upon the defendant to exercise his right to appeal. *Childs*, 995 F.2d at 69 n.1.

### 2. Evidentiary Hearing

A federal court must grant a hearing or alternative procedure to resolve factual disputes if the state fact-finding process is inadequate. 28 U.S.C. § 2254(d); *Maggio v. Fulford*, 462 U.S. 111, 117, 103 S.Ct. 2261, 2264, 76 L.Ed.2d 794 (1983). However, an evidentiary hearing is not required if the state court record conclusively demonstrates that petitioner's factual allegations were rejected by the trial court. *See Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). The state court may base its findings and conclusions on

affidavit testimony. *May v. Collins*, 955 F.2d 299, 309-10 (5th Cir.), *cert. denied*, 112 S.Ct. 1925 (1992). These findings are presumed correct in a subsequent habeas proceeding where petitioner was afforded a fair and complete opportunity to present evidence in the state court. *Keeney v. Tamayo-Reyes*, ___ U.S. ___, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992); *Guice v. Fortenberry*, 661 F.2d 496, 500 (5th Cir. 1981).

### 3. Discussion

The trial court obtained an affidavit from Timothy J. Adams, the attorney appointed to represent petitioner in this case. Adams said that he explained the appellate process to petitioner after sentence was imposed. (Tr. 21). Specifically, he stated that:

> [Petitioner and] I discussed possible error I saw in his case. I explained possible outcomes if the case were to be appealed. I emphasized the time limitations involved. . .During the course of our discussion, I again told him that I was appointed to represent him at trial and that Judge Kendall would appoint an appellate lawyer if he desired to appeal. [Petitioner] said that he did not know what to do. I suggested that he give notice of appeal and request an appellate attorney to safeguard his rights and obtain additional legal opinions and then if he chose he could withdraw his appeal. He replied that he was unsure about what to do and so would not do anything until he talked to his "people." I reiterated the time limitations involved and cautioned him to make up his mind as soon as possible. I told [petitioner] that if he decided to appeal he should immediately do a *kite* out of his tank requesting to be brought to court on the jail chain to request appellate counsel and give notice of appeal. He acknowledged that he understood. I asked him if he had any questions. He said he did not.

(Tr. 22). Adams said that he never told petitioner he would appeal the case. (Tr. 22). Rather, petitioner was informed that "it was solely his decision as to whether or not to appeal his case, and his responsibility to give notice of appeal." (Tr. 22).

041

The trial court entered written findings without conducting an evidentiary hearing. (Tr. 17). However, the court did consider the allegations contained in petitioner's application for writ of habeas corpus. (Tr. 17). Petitioner asserted that he told his attorney that he wanted to appeal and was assured that appropriate steps would be taken to protect his rights. (Tr. 3, 5). The trial court rejected this argument and found that:

1. Adams is a trustworthy individual and that the statements contained in his affidavit are worthy of belief;

2. The statements made by Adams in his affidavit are true, correct and dispositive of the allegations presented by petitioner; and

3. Petitioner was represented by an attorney who exercised all of the skill and expertise which one could reasonably expect and petitioner was not denied his right to effective assistance of counsel on appeal. (Tr. 18-19).

Petitioner was given a fair and complete opportunity to develop the record and present his claims in state court. The trial judge carefully considered the arguments and resolved all factual disputes against petitioner and in favor of his attorney. The state court findings are entitled to a presumption of correctness in a subsequent federal habeas proceeding. *See Sumner v. Mata*, 449 U.S. 539, 552, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981); *Buxton v. Lynaugh*, 879 F.2d 140, 144-45 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 3295 (1990).

Petitioner has not demonstrated that the performance of his attorney was in any way deficient. Defense counsel informed petitioner of his right to appeal, the procedures and time limits involved, and his right to appointed counsel. Petitioner was also told that it was his responsibility to give notice of appeal. He took no further action and thus waived his appellate rights. *See Childs*, 995 F.2d at 69; *Norris v. Wainwright*, 588 F.2d 130, 137 (5th

Cir.), *cert. denied*, 100 S.Ct. 93 (1979).  This ground for relief is without merit and should be overruled.

## RECOMMENDATION

Respondent's motion for summary judgment is granted.  Petitioner's application for writ of habeas corpus should be denied without an evidentiary hearing.

DATED:  October 31, 1994.

                              JEFF KAPLAN
                              UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

NICHOLAS O. LACY,

    Petitioner,

v.                                No. 3:94-CV-1670-T

WAYNE SCOTT, Director Texas
Department of Criminal Justice,
Institutional Division,

    Respondent.

ORDER DENYING SECOND PETITION FOR EXTENSION OF TIME
AND
<u>ADOPTING MAGISTRATE JUDGE'S REPORT</u>

    On October 31, 1994, United States Magistrate Judge Jeff Kaplan issued Findings, Conclusions and Recommendation in the above matter.  On January 3, 1995, Petitioner filed a Second Motion for Extension of Time.  He requests an extension of 30 days in which to file objections to the Magistrate Judge's Findings, Conclusions, and Recommendation.  After consideration of the motion, the Court is of the opinion that it should be denied.

    Petitioner had already received a 60 day extension and was ordered to filed his objections on or before January 3, 1995.  He states that he needs an additional extension because the inmate who is assisting him in preparing his objections is currently in solitary confinement.  As this is not a valid reason for granting

an extension, Petitioner's Second Motion for Extension of Time should be denied.

The Court has considered and made the required independent review of the pleadings, files and records in this case, and the Findings, Conclusions and Recommendation of the Magistrate Judge. Having done so, the Court is of the opinion that the Findings, Conclusions and Recommendation of the Magistrate Judge are correct and they should be adopted as the Findings and Conclusions of the Court.

It is therefore **ORDERED** that the Second Motion for Extension of Time filed by Petitioner on January 3, 1995, is **denied**.

It is **FURTHER ORDERED** that the Findings, Conclusions and Recommendation of the Magistrate Judge are correct and they are **adopted** as the Findings and Conclusions of the Court.

Signed this 6th day of January 1995.

Robert B. Maloney
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| NICHOLAS OLAF LACY § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | No. 3:94-CV-1670-T |
| § | |
| WAYNE SCOTT, Director § | |
| Texas Department of Criminal § | |
| Justice, Institutional Division § | |
| § | |
| Respondent. § | |

**JUDGMENT**

ENTERED ON DOCKET
/-//-95 PURSUANT
TO F. R. C. P. RULES
58 AND 79a

This action came on for consideration by the Court, and the issues having been duly considered and a decision duly rendered,

It is ORDERED, ADJUDGED and DECREED that:

1. Respondent's motion for summary judgment is granted.

2. Petitioner's application for writ of habeas corpus is denied without an evidentiary hearing.

3. The Clerk shall transmit a true copy of this Order and the Order adopting the Findings and Recommendation of the United States Magistrate Judge to all parties.

SIGNED AND ENTERED this 6th day of January, 1995.

ROBERT B. MALONEY
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

Certified a true copy of an instrument on file in my office on 3-24-95
NANCY DOHERTY, Clerk, U.S. District Court, Northern District of Texas
By_____ Deputy

11

054